**In re MARKIM, INC., Debtor.**

**MARKIM, INC., Plaintiff,**

**v.**

**JLG INDUSTRIES, INC., Defendant.**

**Bankruptcy No. 80–02041G.
Adv. No. 81–0700G.**

United States Bankruptcy Court,
E. D. Pennsylvania.

July 17, 1981.

---

Nathan Lavine, Adelman & Lavine, Philadelphia, Pa., for debtor/plaintiff, Markim, Inc.

Michael J. Glasheen, Clark, Ladner, Fortenbaugh & Young, Philadelphia, Pa., for defendant, JLG Industries, Inc.

1. *See* Rule 765 of the Rules of Bankruptcy Procedure.

## MEMORANDUM OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

On May 29, 1981, Markim, Inc. ("the debtor") filed a petition for a reorganization under chapter 11 of the Bankruptcy Code ("the Code") and, on June 25, 1981, filed a complaint against JLG Industries, Inc. ("JLG") seeking an injunction and damages for the refusal of JLG to sell repair and replacement parts to the debtor for JLG equipment previously bought by the debtor. In its answer and at trial, JLG admitted that it had refused (and continued to refuse) to sell parts to the debtor but asserted that it had a right to do so because the contractual relationship between JLG and the debtor, pursuant to which JLG had sold parts to the debtor, had been terminated by JLG on April 19, 1981, prior to the debtor's filing under chapter 11 of the Code. The trial of the debtor's complaint was concluded on July 8, 1981, at which time we held the matter under advisement pending the filing of briefs.

On July 9, 1981, we received a letter from counsel for the debtor requesting a preliminary injunction in the form of an order directing JLG to sell parts to the debtor upon cash payment in advance of the list price less the 30% discount which JLG had previously given the debtor under their contractual agreement. JLG, adopting the debtor's informality, responded (also by letter) that it was opposed to the issuance of a preliminary injunction.

We reject the debtor's request for a preliminary injunction for the following reasons: Firstly, we are a court of record and we do not predicate our orders on letters. There are pleadings, well known to the debtor's able counsel, by which an aggrieved party may properly request the relief here sought.[1] Accordingly, we deny the debtor's informal request on procedural grounds.

Secondly, even if we were to treat the letter before us as a formal application for

a preliminary injunction, we would not be inclined to grant such a motion. To be successful on a motion for a preliminary injunction, the movant must demonstrate: (1) a substantial probability that it will be ultimately successful on the merits and (2) that the movant will be irreparably injured *pendente lite* if such relief is not granted. *Constructors Association of Western Pennsylvania v. Kreps*, 573 F.2d 811 (3d Cir. 1978). In considering such a motion, the court should also take into account, where relevant, (3) the possibility of harm to other interested persons by the grant or denial of the injunction and (4) the public good. *Id.* at 815.

Applying that test to the case at bench, we conclude that the debtor has not met its burden of establishing the first two elements. After a quick perusal of the evidence, we cannot conclude that there is a substantial probability that the debtor will be ultimately successful in its complaint. The debtor's complaint rests on the theory that JLG has wrongfully refused to sell parts to the debtor. But our recollection of the testimony indicates JLG established that it terminated the contractual relationship between the debtor and itself pursuant to the terms of their agreement on April 18, 1981. If your recollection proves correct, JLG has no contractual obligation to supply the debtor with parts. Furthermore, since the termination occurred before the debtor filed its petition under chapter 11, that termination was not in violation of the automatic stay provisions of § 362(a) of the Code. In addition, the continued refusal of JLG to sell parts to the debtor after the filing of the petition does not appear to be a violation of the stay or of § 525 of the Code.[2] Consequently, it does not appear that there is a substantial probability that the debtor will be successful on the merits.

With respect to the issue of whether the debtor will suffer irreparable harm if the preliminary injunction is not issued, we also conclude that the debtor has not established that element. Although the debtor did present evidence that there will be substantial harm to the debtor if it does not receive the necessary parts—in loss of rental money for the machines which need those parts—it does not appear that such a loss cannot be remedied at law by an award of money damages if the debtor is ultimately successful on the merits.

Accordingly, both for the procedural and substantive reasons cited above, we decline to enter the informally requested preliminary injunction or to award damages to the debtor.

---

2. Section 525 of the Code prohibits a governmental unit from taking certain actions that discriminate against a debtor solely because he has filed a petition under the Code. That section is inapplicable in the instant case because, among other things, JLG is not a governmental unit.